UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOHAMMED KEITA, et al., | |
| Plaintiffs, | |
| -against- | 23-CV-7725 (LTS) |
| AMERICAN SECURITY INSURANCE COMPANY, also known as Assurant, Inc.; PILOT CATASTROPHE SERVICE, INC., | TRANSFER ORDER |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Mohammed Keita brings this action *pro se*. He lists himself and his two minor children as plaintiffs.[1] The complaint asserts claims relating to insurance coverage for real property located in Staten Island, New York. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

---

[1] Court submissions containing the name of a minor must be redacted. Fed. R. Civ. P. 5.2(a)(3). Only the initials of a minor should be used. Plaintiff Keita's pleadings include the full names of his minor children, and the Court has therefore limited access to Plaintiff's pleadings and IFP application on the court's CM/ECF system to a "case participant-only" basis.

where it is subject to personal jurisdiction with respect to the civil action in question.[2] *See* 28 U.S.C. § 1391(c)(1), (2).

Nothing in the complaint suggests that any events giving rise to Plaintiff Keita's claims, which are for insurance coverage of real property in Staten Island, occurred within this district. Venue therefore does not appear to be proper in this district under Section 1391(b)(2).

Venue under Section 1391(b)(1) applies only if all defendants reside in the State in which the district is located. Defendant Pilot Catastrophe Services, Inc., is identified as an Alabama corporation, and it is unclear if it is subject to personal jurisdiction in this district for this claim. It is therefore not clear that venue lies in this district under Section 1391(b)(1).

The property that is the subject of the action is situated in Staten Island, which is in Richmond County, in the Eastern District of New York. *See* 28 U.S.C. § 112(c). The Eastern District of New York therefore appears to be a proper venue for this action under Section 1391(b)(2).[3]

Even if venue is proper in the district where a case is filed, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and

---

[2] Where a defendant is a corporation, its residency is determined as follows:

[I]n a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(d).

[3] Plaintiff voluntarily dismissed his prior suit against Assurant Insurance, which was brought in the Eastern District of New York, after his request to proceed *in forma pauperis* in that action was denied. *See Keita v. Assurant Insurance*, No. 22-CV-6376 (ENV) (LB) (E.D.N.Y. Dec. 8, 2022).

witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer under Section 1404(a) is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Transfer under Section 1404(a) appears to be appropriate in this case. The underlying events occurred in Richmond County, where Plaintiff resides and the property that is the subject of this suit is situated. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further

without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this Court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    August 30, 2023
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge